UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW KURTENBACH,<br><br>                       Plaintiff,<br><br>         vs.<br><br>CITY OF WINNER,<br><br>                       Defendant. | CIV. 19-3018-JLV<br><br>ORDER |

Plaintiff Matthew Kurtenbach filed a *pro se* civil rights action under 42 U.S.C. § 1983.  (Docket 1).   At the time alleged in the complaint, Mr. Kurtenbach was an inmate at the Winner County Jail.  Id. at 2.  Defendant City of Winner filed an answer.  (Docket 8).  On May 29, 2020, defendant filed a motion for summary judgment together with a statement of undisputed material facts, an affidavit, one exhibit and a supporting legal memorandum. (Dockets 16-18, 18-1 & 19).   On June 24, 2020, defendant filed a status report together with an affidavit and three exhibits.  (Dockets 21, 22 & 22-1 through 22-3).  The status report indicated that attempted service of defendant's summary judgment motion upon plaintiff was unsuccessful and plaintiff's mail had been returned as being unable to forward.  (Dockets 21 & 22-3).

By the court's local rules, plaintiff's response to defendant's motion for summary judgment was due on or before June 22, 2020.  D.S.D. Civ. LR

7.1(B).[1]  While the court recognizes Mr. Kurtenbach's *pro se* status, "[e]ven pro se litigants must comply with court rules and directives."  <u>Soliman v. Johanns</u>, 412 F.3d 920, 922 (8th Cir. 2005).  Mr. Kurtenbach is expected to comply with the court's local rules, as well as the Federal Rules of Civil Procedure.  Each party to litigation must maintain a valid mailing address and notify the Clerk of Court and counsel for an opposing party when an address change occurs.  Good cause appearing, it is

ORDERED that Mr. Kurtenbach has an obligation to file a response, with citation to legal authorities, if he opposes the defendant's motion for summary judgment.  <u>See</u> Dockets 16-18, 18-1 & 19.  Mr. Kurtenbach's response must be filed with the court and served on the defendant's attorney by U.S. mail on or before **September 17, 2020**.  <u>See</u> D.S.D. Civ. LR 7.1(B).

IT IS FURTHER ORDERED that Mr. Kurtenbach shall serve upon defendants' attorney, Douglas M. Deibert, 200 East 10th Street, Suite 200, Sioux Falls, SD 57104, a copy of every further pleading or other document submitted for consideration by the court.  Mr. Kurtenbach shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants' counsel.  Any paper received by the court which has not been filed with the

---

[1]The Civil Local Rules of Practice for the United States District Court for the District of South Dakota may be found on the internet at: https://www.sdd.uscourts.gov/, under the tab "Local Rules & General Orders."

Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

NOTICE IS FURTHER GIVEN that "[a] district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order."  Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (citations omitted); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]").

Dated August 24, 2020.

                                        BY THE COURT:

                                        /s/ *Jeffrey L. Viken*
                                        JEFFREY L. VIKEN
                                        UNITED STATES DISTRICT JUDGE